NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAI HUYNH,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>T, FELKER, Warden,<br><br>　　　　Respondent. | No. C 08-04177 JF (PR)<br><br>ORDER GRANTING MOTION TO DISMISS<br><br><br><br>(Docket No. 13) |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as untimely. (Docket No. 13.) Petitioner filed opposition, and Respondent filed a reply. For the reasons discussed below, the Court grants Respondent's motion to dismiss.

## **BACKGROUND**

On October 4, 1999, Petitioner was convicted of first degree burglary, attempted robbery, and several counts of false imprisonment in Santa Clara County Superior Court. On January 29 2002, after the case had been remanded on appeal for resentencing, Petitioner was sentenced to a total term of 28 years in state prison. The California Court

of Appeal affirmed the judgment on April 11, 2003, and the California Supreme Court denied review on June 25, 2003.

On May 20, 2004, Petitioner filed a state habeas petition in California Supreme Court, which denied the petition on April 13, 2005.

On or about January 22, 2007, Petitioner filed a habeas petition in state superior court challenging his sentence under Apprendi/Blakely/Cunningham for the first time. The state court denied the petition on March 19, 2007. On June 22, 2007, Petitioner filed the petition in the California Court of Appeal, which denied the petition on July 9, 2007. Petitioner filed in the state high court on September 17, 2007, and was denied review on March 19, 2008.

Petitioner filed the instant petition on August 20, 2008, claiming that his sentence violates his constitutional right to a jury trial and to due process because he was sentenced to an aggravated term based on findings by the trial judge, not the jury, citing Apprendi v. New Jersey, 530 U.S. 466 (2000).

## **DISCUSSION**

A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during

1 | which a properly filed application for state post-conviction or other collateral review is
2 | pending is excluded from the one-year time limit. Id. § 2244(d)(2). The one-year period
3 | generally will run from "the date on which the judgment became final by conclusion of
4 | direct review or the expiration of the time for seeking such review." 28 U.S.C. §
5 | 2244(d)(1)(A).

"Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); Bowen, 188 F.3d at 1159 (same). As the Eighth Circuit put it: "[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).

In Petitioner's case, judgment became final on September 25, 2003, which is ninety days after the California Supreme Court denied review on April 13, 2005, and the time to file a petition for certiorari expired. The limitation period expired one year later, on September 25, 2004. The instant petition was not filed until August 20, 2008, almost four years later. Unless the limitations period was tolled for a significant amount of time, the instant petition is untimely.

///

1 | B.    Statutory Tolling

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The relevant question for tolling purposes is whether a properly filed "application" is pending in state court, and not whether any particular claim was contained in that application. Gaston v. Palmer, 417 F.3d 1030, 1040 (9th Cir. 2005) (distinguishing between the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), which is determined on a claim-by-claim basis, and the "properly filed" requirement of § 2244(d)(2), which is determined by looking at the application for state habeas relief as a single entity), amended, 447 F.3d 1165 (9th Cir. 2006). Because the statute expressly provides that the properly filed application may be "with respect to the pertinent judgment or claim," the period of limitation is tolled during the pendency of a state application challenging the pertinent judgment, even if the application does not include a claim later asserted in the federal habeas petition. Tillema v. Long, 253 F.3d 494, 502 (9th Cir. 2001) (en banc) (emphasis added) (limitation period tolled for three-year period during which state prisoner's "Motion to Vacate Illegal Sentence" was pending before Nevada Supreme Court, even though claims in that motion were not subsequently raised in federal habeas corpus petition).

Respondent concedes that Petitioner is entitled to tolling for the period of time his first state habeas petition was pending in California Supreme Court although it did not contain an Apprendi claim, which is consistent with Tillema, 253 F.3d at 502. The limitation period ran for 240 days after Petitioner's conviction became final on September 23, 2003, until it was tolled by the filing of the habeas petition in state high court on May 20, 2004. Petitioner is entitled to 328 days of tolling until April 13, 2005, when the petition was denied. Petitioner had 126 days remaining on the limitations period, such that a timely federal habeas petition was due no later than August 17, 2005.

Respondent contends that Petitioner is not entitled to tolling for the period of time

his second habeas petition, filed in 2007, was pending in state courts. A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed) (holding that Oregon's two-year limitation period for the filing of state habeas petitions does not alter the operation of the AEDPA, even though prisoners who take full advantage of the two-year period will forfeit their right to federal habeas review); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (same). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Petitioner had until August 17, 2005, to file a timely federal habeas petition. Petitioner did not file the instant action until August 20, 2008, which is three years after the limitations period had expired. The petition is untimely.

C. Timeliness under § 2244(d)(1)(D)

Petitioner argues in his opposition that his petition was timely filed based on 28 U.S.C. § 2244(d)(1)(D) because he did not become aware of the "factual predicate" of his claims until Cunningham was decided in 2007. See Cunningham v. California, 549 U.S. 270, 273 (2007) (finding the Court's decisions from Apprendi to Booker point to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum; therefore, California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence).

Under § 2244(d)(1)(D), the one-year limitation period starts on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes

their legal significance.'" Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)) (remanding case to district court for further factual findings concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of IAC claim). Section 2244(d)(1)(D) accordingly allows the limitation period to start running at a later date "when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner." Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir. 2000) (citation omitted).

Respondent argued in his motion that Petitioner is not entitled to calculate the statute of limitations from the date Cunningham was decided under § 2244(d)(1)(C) because it did not announce a new constitutional right. This argument is not completely accurate, but conclusion is correct. The Ninth Circuit made clear that Blakely v. Washington, 542 U.S. 296 (2004), announced a new constitutional rule of criminal procedure that does not apply retroactively on habeas review. Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005). This is also true of United States v. Booker, 543 U.S. 220 (2005). United States v. Cruz, 423 F.3d 1119, 1122 (9th Cir. 2005). Cunningham, on the other hand, did not announce a new rule and thus applies retroactively on collateral review, but only to convictions that became final on direct review after the decision in Blakely on June 24, 2004. Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008); cf. In re Gomez, 45 Cal. 4th 650, 660 (Cal. 2009) (Cunningham applies to any California case in which the judgment was not final at the time the decision in Blakely was issued). Petitioner's conviction became final on direct review on September 23, 2003, which is *before* the Blakely decision on June 24, 2004. Therefore, Cunningham does not apply retroactively to Petitioner's case under Butler, 528 F.3d at 639. Accordingly, § 2244(d)(1)(C) does not apply to Petitioner's case.

In his reply, Respondent states that Petitioner is confusing the "factual predicate of a claim with the legal significance of that claim" and that a change in the law does not amount to a "factual predicate" for a claim for the purposes of § 2244(d)(1)(D). (Resp't

Reply at 2, citing <u>Shannon v. Newland</u>, 410 F.3d 1083, 1088-1089 (9th Cir. 2005).) Be that as it may, the Court has already determined that Petitioner cannot rely on <u>Cunningham</u> as a legal basis for federal habeas relief. Petitioner's argument that his petition is timely based on § 2244(d)(1)(D) must fail because without <u>Cunningham</u>, there is no legal basis on which Petitioner's "factual predicates" can state a claim. Accordingly, § 2244(d)(1)(D) does not apply to save this petition from being untimely.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (Docket No. 13) is GRANTED. The instant petition for a writ of habeas corpus is DISMISSED. This order terminates Docket No. 13.

IT IS SO ORDERED.

DATED: 2/22/10

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TAI HUYNH,

        Petitioner,

v.

T. FELKER, Warden,

        Respondent.
                                     /

Case Number: CV08-04177 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/24/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tai Huynh T-42770
High Desert State Prison
PO Box 3030
Susanville, CA 96127

Dated: 2/24/10

                                        Richard W. Wieking, Clerk